IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BARBARA GRIFFARD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 5:12-cv-129 (MTT) |
| | : | |
| CAROLYN W. COLVIN, | : | SOCIAL SECURITY APPEAL |
| | : | |
| Defendant. | : | |
| _____ | : | |

## RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying Plaintiff Barbara Griffard's claim for a period of disability insurance benefits under the Social Security Act. In support for her request for remand, Plaintiff argues that the Administrative Law Judge erred by presenting an incomplete hypothetical question to the Vocational Expert and subsequently relying upon the Vocational Expert's answer in determining that Plaintiff is not disabled. Because the Administrative Law Judge sufficiently accounted for his findings regarding Plaintiff's limitations in the hypothetical question posed to the Vocational Expert, and because the Administrative Law Judge's findings are supported by substantial evidence, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**.

## BACKGROUND

On June 19, 2002, Plaintiff Barbara Griffard applied for a period of disability and disability insurance benefits. AR 152 (Doc. 7-1). Plaintiff alleged that she had been disabled since May 11, 1998. Id. Plaintiff had filed a prior application in September 2000, which was denied by an Administrative Law Judge (ALJ) on April 22, 2002. AR 573 (Doc. 7-6). Because *res judicata* precludes Plaintiff from obtaining benefits during time period previously ruled upon

1

in her prior application, the earliest Plaintiff can claim disability is April 23, 2002. Id. at 573-74. Plaintiff's date last insured is March 31, 2004. Id. at 576. Accordingly, the relevant period for the establishment of Plaintiff's disability is between April 23, 2002 and March 31, 2004. Id. at 574.

Following a hearing before an ALJ, Plaintiff's claim was denied on February 9, 2005. AR 31 (Doc. 7). The Appeals Council declined to review Plaintiff's claim. Id. at 6. Plaintiff then appealed the Commissioner's decision, and this Court remanded the case on September 25, 2007. AR 558-63 (Doc. 7-6); Griffard v. Astrue, 5:06-cv-236 (CAR). The Court remanded the case for further findings regarding the impact of a moderate limitation as to concentration, persistence, and pace upon Plaintiff's ability to work. Id. The Appeals Council then vacated the Commissioner's decision consistent with the Court's order, and Plaintiff appeared at another administrative hearing before the ALJ. AR 595 (Doc. 7-6); AR 751 (Doc. 7-7). Following the hearing, the ALJ again denied Plaintiff's claim on March 4, 2009. AR 592 (Doc. 7-6). The Appeals Council declined to review the decision. Id. at 549. Plaintiff subsequently filed the instant appeal on April 9, 2012. Doc. 1.

## STANDARD OF REVIEW

District courts have a limited role in reviewing claims brought under the Social Security Act. Review of the Commissioner's decision is restricted to a determination of whether the decision is supported by substantial evidence and whether the correct legal standards were applied. Walker v. Bowen, 826 F.2d 996, 1000 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). Consequently, a court's role in reviewing claims brought under the Social Security Act is quite narrow.

District courts must defer to the Commissioner's factual findings. Courts may not decide facts, re-weigh evidence, nor substitute their judgment for that of the Commissioner. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Credibility determinations are left to the Commissioner and not to the courts. Carnes v. Sullivan, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). See also Graham v. Bowen, 790 F.2d 1572, 1575 (11th Cir. 1986). Courts must scrutinize the entire administrative record to determine the reasonableness of the Commissioner's factual findings. Bloodsworth, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, the decision must be affirmed if it is supported by substantial evidence. Id.

The Commissioner's findings of law are given less deference. Courts must determine if the Commissioner applied the proper standards in reaching a decision. Harrell v. Harris, 610 F.2d 355, 359 (5th Cir. 1980). Courts must therefore consider any questions of law *de novo*, and "no…presumption of validity attaches to the [Commissioner's] conclusions of law, including determinations of the proper standards to be applied in reviewing claims." Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982). The Commissioner's failure to apply the correct legal standards or to provide a sufficient factual basis for the court to determine that the correct legal standards have been followed is grounds for reversal. Id.

## EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity due to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

When analyzing the issue of disability, the Commissioner must follow a five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether or not the claimant is currently engaged in substantial gainful activity. Second, upon a finding that the claimant is not working, the Commissioner determines whether the claimant has any impairment that prevents the performance of basic work activities. Next, if the existence of such impairments has been found, the Commissioner determines whether the impairment(s) meets or medically equals the severity of one or more of the specified impairments listed in Appendix 1 of Part 404 of the regulations. If the claimant's impairments do not meet or medically equal a listed impairment, the Commissioner must proceed to evaluate the claimant's residual functional capacity (RFC) for work. Fourth, using the claimant's RFC, the Commissioner determines whether the claimant is able to perform the physical and mental demands of her past work despite the impairments. Finally, and only when it has been determined that the claimant is unable to perform her past work, the Commissioner must determine whether there are sufficient numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and past work experience.

## DISCUSSION

The Commissioner's decision must be affirmed because the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence. Plaintiff contends that the ALJ erred by presenting an incomplete hypothetical question to the Vocational Expert and subsequently relying upon the Vocational Expert's answer in determining that Plaintiff is not disabled. As discussed below, ALJ sufficiently accounted for his findings regarding Plaintiff's limitations in the hypothetical question posed to the Vocational Expert, and the ALJ's findings are supported by substantial evidence.

**The ALJ's Findings**

At step one of the sequential evaluation process, the ALJ concluded that Plaintiff did not engage in substantial gainful activity from the alleged onset date of May 11, 1998 through her date last insured of March 31, 2004. AR 576 (Doc. 7-6). At step two, the ALJ determined that Plaintiff suffered the following combination of severe impairments: scleroderma/mixed connective tissue disease; arthritis/multiple arthralgias; low back pain; chronic obstructive pulmonary disease, asthma, hyperventilation alkalosis, and shortness of breath; mitral valve prolapse and essential hypertension; bilateral carpal tunnel syndrome status post right carpal tunnel release; periodontal disease; right thumb joint replacement; panic/anxiety disorder; and depression. Id. At step three, the ALJ found that Plaintiff's impairments did not, alone or in combination, meet or medically equal any of the impairments listed in Appendix 1 to Subpart P of Part 404 of Chapter 20 of the Code of Federal Regulations (20 C.F.R. §§ 404.152, 404.1526). Id. at 577. Consequently, but before moving to step four, the ALJ proceeded to consider Plaintiff's RFC.

The ALJ found that Plaintiff had the RFC to perform light work with the following limitations: Plaintiff could sit for six hours of an eight hour workday; stand for six hours of an eight hour work day; walk for six hours in an eight hour workday; lift twenty pounds occasionally and ten pounds frequently; perform no more than frequent push/pull activities with her right dominant arm; perform no more than occasional climbing, balancing, kneeling, stooping, crouching, or crawling; perform no overhead work; perform no more than frequent handling, fingering, or feeling-bilaterally; perform constant handling, fingering, or feeling precluded; have no concentrated exposure to extreme heat or cold; have no concentrated exposure to extreme vibrations; perform no work on ladders, ropes, scaffolds, or at unprotected

heights; and, Plaintiff is limited to simple work with no work around large groups and no in-depth dealing with the general public. Id.

At step four, based on Plaintiff's RFC, the ALJ determined that Plaintiff could not perform any past relevant work. AR 590 (Doc. 7-6). At step five, however, the ALJ determined that Plaintiff was not disabled because, through Plaintiff's date last insured, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed based on her age, education, work experience, and RFC. Id. at 591.

## The Hypothetical Question

Plaintiff contends that the ALJ erred by failing to account for all Plaintiff's limitations in the hypothetical question presented to the Vocational Expert and subsequently relying upon the Vocational Expert's response when finding Plaintiff not disabled. Specifically, Plaintiff contends that the ALJ did not account for Plaintiff's moderate limitations in concentration, persistence, and pace as well as Plaintiff's panic attacks. Plaintiff argues that the ALJ's hypothetical question limiting Plaintiff to simple work did not adequately account for Plaintiff's limitations regarding her concentration, persistence, and pace, and that the ALJ failed to account for Plaintiff's panic attacks. Because the ALJ cited medical evidence supporting his finding that Plaintiff could perform simple work despite her moderate limitations in concentration, persistence, and pace, the ALJ did not err by limiting the hypothetical question to simple work. Additionally, the ALJ sufficiently accounted for Plaintiff's panic/anxiety disorder in the hypothetical question and RFC finding.

At step five of the sequential evaluation process, an ALJ may determine that the plaintiff can perform work, and therefore is not disabled, by asking a Vocational Expert hypothetical questions "to establish whether someone with the limitations that the ALJ has previously

determined that the [plaintiff] has will be able to secure employment in the national economy." Phillips v. Barnhart, 357, F.3d 1232, 1240 (11th Cir. 2004). To constitute substantial evidence sufficient to support the ALJ's findings, the ALJ must "pose a hypothetical question which comprises all of the [plaintiff]'s impairments." Winschel v. Commissioner of Social Security, 631 F.3d 1176, 1180 (11th Cir. 2011).

In support of her argument that the ALJ posed an incomplete hypothetical question to the Vocational Expert, Plaintiff relies primarily on the Eleventh Circuit's ruling in Winschel. Although the court in Winschel determined that limiting the hypothetical question to "simple, routine tasks or unskilled work" did not adequately account for the plaintiff's moderate limitations in concentration, persistence, and pace in that case, the court did not hold that moderate limitations in concentration, persistence, and pace can never be accounted for by a functional limitation to performing simple work. See Winschel, 631 F.3d at 1181; Jarrett v. Commissioner of Social Security, 422 Fed. Appx. 869, 872 (11th Cir. 2011). The court recognized "that a hypothetical question could sufficiently account for such an impairment by including a restriction to simple or routine tasks if the medical evidence demonstrates that the claimant has the ability to perform those tasks despite a limitation in concentration, persistence, and pace. " Jarrett, 422 Fed. Appx. at 872 n. 1 (citing Winschel, 631 F.3d at 1179-80); see also Hopson v. Astrue, 2012 WL 1155294 (M.D.Fla. 2012). Because no such medical evidence existed in Winschel, the court remanded the case to the ALJ to include the plaintiff's limitations in the hypothetical.

In this case, the ALJ cited sufficient medical evidence supporting his finding that Plaintiff could perform simple work despite moderate limitations in concentration, persistence, and pace. In making his findings, the ALJ relied upon the findings of examining physician Dr. Jerry L.

Dalton and non-examining State agency consultants Dr. Allen Carter and Dr. Cathy Blusiweicz.[1] AR 583-86 (Doc. 7-6). Upon examining Plaintiff, Dr. Dalton found that Plaintiff's allegations concerning her anxiety and panic disorder appeared credible. AR 399 (Doc. 7-3). Despite finding Plaintiff's allegations credible, Dr. Dalton stated that Plaintiff's attention and concentration may have been impaired only mildly by anxiety. Id. at 397. Dr. Dalton also found that Plaintiff's ability to process and understand directions and instructions was good, and that Plaintiff could follow noncomplex and multiple instructions without error. Id. Dr. Dalton further found that Plaintiff's memory was intact, and that Plaintiff's judgment and insight appeared appropriate. Id.

Dr. Carter's opinions were consistent with Dr. Dalton's findings. Dr. Carter determined that Plaintiff had moderate limitations in her ability to carry out detailed instructions, maintain concentration for extended periods, carry out a normal workday or workweek without interruptions, and perform at consistent pace. Id. at 401-402. Dr. Carter found that Plaintiff's ability to carry out simple instructions, perform activities within a schedule, maintain regular attendance, sustain an ordinary routine without supervision, and work in proximity to others was not significantly limited. Id. at 401. Dr. Carter also found that Plaintiff's ability to interact appropriately with the general public was moderately limited. Id. at 402. Dr. Carter concluded that Plaintiff had the ability to perform simple tasks and had not lost substantial ability to sustain concentration. Id. at 403. Dr. Carter also concluded that Plaintiff had a decreased ability to interact with large groups but had not lost substantial ability to interact appropriately with others. Id. at 403.

After considering the findings of Dr. Dalton and Dr. Carter, the ALJ determined that Plaintiff could perform simple work despite moderate limitations in concentration, persistence, and pace. After discussing Plaintiff's mental limitations, the ALJ found that Plaintiff could

---

[1] Dr. Blusiewicz signed Dr. Carter's report affirming his findings. AR 405 (Doc. 7-3).

perform light work so long as she was "limited to simple work; no work around large groups; no in-depth dealing with the general public; no concentrated exposure to extreme hot or cold; and, no work on ladders, ropes, scaffolds, or at unprotected heights." AR 586 (Doc. 7-6). The ALJ further explained that he limited Plaintiff to simple work based "primarily on her ostensibly '<u>moderately limited</u>' ability to maintain attention and concentration—notwithstanding the fact that the only mental health care professional who has examined [Plaintiff] opined that [Plaintiff]'s attention and concentration may have been impaired <u>mildly</u> by anxiety." <u>Id.</u> (emphasis added by the ALJ). Because the medical evidence demonstrated that Plaintiff had the ability to perform simple work despite a limitation in concentration, persistence, and pace, the ALJ did not err by limiting his hypothetical to simple work. As such, the ALJ's reliance upon the Vocational Expert's answer at step five constitutes substantial evidence to support the ALJ's conclusion that Plaintiff was not disabled.

Plaintiff also contends that the ALJ failed to account for Plaintiff's panic attacks in his RFC findings and his hypothetical question to the vocational expert. The ALJ, however, thoroughly considered Plaintiff's panic attacks and anxiety disorder. Plaintiff's panic attacks and anxiety disorder were a focus the findings discussed above. Moreover, the ALJ noted that that Plaintiff had never been hospitalized or undergone formal mental health treatment for her panic attacks and that Plaintiff's attacks appeared to be controllable.

Plaintiff argues that the ALJ failed to explain why he discounted Plaintiff's most recent testimony and Dr. Carter's finding that Plaintiff suffered at least one panic attack a week. The ALJ stated that he found Plaintiff's testimony only partially credible because her activities of daily living were consistent with an individual able to sustain work activity and explained that the objective medical evidence was consistent with an individual able to sustain work compatible

with Plaintiff's RFC. Additionally, the ALJ gave Dr. Carter's opinions substantial weight to the extent that they were consistent with the ALJ's RFC findings. It is not the case that the ALJ ignored or failed to account for the doctors' medical opinions. Rather, the ALJ considered the medical opinions and gave them substantial weight in finding that Plaintiff's panic/anxiety disorder constituted a severe impairment limiting Plaintiff to simple work with no work around large groups and no in-depth dealing with the general public. Because the Court may not re-weigh evidence, nor substitute its judgment for that of the Commissioner, and because the ALJ's decision is supported by substantial evidence, the Commissioner's decision must be affirmed.

## CONCLUSION

After careful consideration of the entire record in this case, it appears that the ALJ sufficiently accounted for his findings regarding Plaintiff's limitations in the hypothetical question posed to the Vocational Expert, and that the ALJ's findings are supported by substantial evidence. Accordingly, **IT IS RECOMMENDED** that the Commissioner's decision be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN FOURTEEN(14) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 2nd day of August, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge